## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARGARET WEICHERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-2493-KHV-KGG |
| E-FINANCE CALL CENTER SUPPORT, | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM & ORDER ON
## PLAINTIFF'S MOTION TO COMPEL

The above-captioned matter is a workplace discrimination case filed by Plaintiff alleging that she was treated unfavorably because of her race and gender. She also alleges that her employment was terminated after she complained about the alleged discrimination.  (*See* Doc. 1.)

Before the Court is the Motion to Compel (Doc. 13) filed by Plaintiff, requesting supplemental responses to certain of Plaintiff's discovery requests as well as additional information required pursuant to Fed.R.Civ.P. 26(a) initial disclosures.  Defendants have not filed a response to Plaintiff's motion and the time to do so has expired.  D.Kan. Rule 6.1(d)(1).  Plaintiff's motion is **GRANTED** as uncontested pursuant to D.Kan. Rule 7.4.  Even so, the Court will briefly address the substance of the requests at issue.

A.      **Standards for Discovery.**

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Courts of this District have long held that "'[d]iscovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

Discovery requests must be relevant on their face.  *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000).  Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See **Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that

the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited.  If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence.  *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995).

Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad."  *Id*., 650.  "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections."  *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36 (D.Kan.2004) (citing *Hammond v. Lowe's Home Ctrs., Inc*., 216 F.R.D. 666, 670 (D.Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").  Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or

interrogatory is objectionable." *Sonnino*, 221 F.R.D. at 670–71 (internal citation omitted).

**B.     Discovery at Issue.**

Within this framework, Defendants are ordered to provide the following information:

1.     The last known addresses and telephone numbers of the individuals identified in Defendants' Rule 26(a) initial disclosures.  (Doc. 13-1.)

2.     The identity of Defendants' employees who complained about discrimination or harassment from January 1, 2011, through December 31, 2013.  (Interrogatory No. 7, Doc. 13-2, at 3.) Defendants' response to this Interrogatory consists of unsupported boilerplate objections which the Court would have been inclined to overrule even had Defendants responded to Plaintiff's motion. *Gheesling*, 162 F.R.D. at 650.

3.      The requested information regarding employees hired, terminated, and/or who worked within the areas of responsibility for Selena Smith and/or Tramaine Smith from January 1, 2011, through December 31, 2013.  (Interrogatories Nos. 8-11, Doc. 13-2, at 3-5.)  Defendants' response to these Interrogatories consist of unsupported boilerplate

objections which the Court would have been inclined to overrule even had Defendants responded to Plaintiff's motion. ***Gheesling***, 162 F.R.D. at 650.

4.    The requested information regarding charges or lawsuits filed against Defendants alleging race and/or gender discrimination from January 1, 2011, through December 31, 2013.  (Interrogatories Nos. 12-13, Doc. 13-2, at 5.)  Defendants stated they would "identify all charges of discrimination . . . which name Selena Smith and/or Tramaine Smith." (*Id*.)  While these responses limited the substance of the interrogatories, Defendants did not, however, object to the underlying discovery requests.  As such, any objections that could have been raised are waived.  Defendants are instructed to respond to the Interrogatories in their entirety.

5.    Information regarding the value of "all employee benefits" for which Plaintiff would have been eligible had his employment not been terminated.  (Interrogatory No. 18, Doc. 13-2, at 7.)  Defendants stated that Plaintiff's compensation and benefits were at will "and could have been changed at anytime at the discretion of management."  (*Id*.) While this may be true, Defendants did not object to the underlying

interrogatory.  As such, any objections that could have been raised are waived.  Defendants are instructed to respond to the Interrogatory in their entirety.  In so doing, Defendants should base their response on the compensation and benefits Plaintiff was receiving at the time of her termination.

6.      The personnel files of Selena Smith and Tramaine Smith.  (Requests for Production Nos. 16, 17, Doc. 13-3, at 4-5.)  Defendants stated the information "[w]ill be produced."  (*Id*.)  Defendants are instructed to produce the information within the time frame set out by this Order.

7.      The personnel files of "anyone else employed as a New Business Lead" by Defendants from January 1, 2011, through December 31, 2013.  (Request for Production No. 30, Doc. 13-3, at 8.)  Defendants' response ("Objection. Relevancy.") to this Request is merely a conclusory, unsupported boilerplate objection which the Court would have been inclined to overrule even had Defendants responded to Plaintiff's motion.  ***Gheesling***, 162 F.R.D. at 650.  The Court notes, however, that because this Request seeks information regarding individuals who are not party to, or directly implicated in, this lawsuit, Defendants are ordered to redact any and all confidential information

6

such as Social Security numbers and insurance or medical information.

8.    Emails between Selena Smith and Tramaine Smith, Jenny McElhenny, and/or Naomi Davis from March 15, 2012 to May 15, 2012, as well as emails between Tramaine Smith and Jenny McElhenny and/or Naomi Davis.  (Requests for Production Nos. 39-43, Doc. 13-3, at 10-11.) Defendants' response ("Objection. Relevancy.") to these Requests are merely  conclusory, unsupported boilerplate objections which the Court would have been inclined to overrule even had Defendants responded to Plaintiff's motion.  ***Gheesling***, 162 F.R.D. at 650.

9.    Copies of "[a]ny Separation Agreements that were offered to any other employee during the period January 1, 2011 through December 31, 2013.  (Request for Production No. 46, Doc. 13-3, at 10-11.)  The Court notes that because this Request seeks information regarding individuals who are not party to, or directly implicated in, this lawsuit, Defendants are ordered to redact any and all confidential information such as Social Security numbers.

10.    Drafts and communications of documents Defendants "provided to the EEOC in response to plaintiff's charge of discrimination."  (Doc. 13,

7

Case 2:13-cv-02493-KHV   Document 15   Filed 09/05/14   Page 8 of 10

at 10; Requests for Production Nos. 50-52, Doc. 13-3, at 12.)  In response to the discovery requests, Defendants objected that the documents would be produced "to the extent" they exist and are not protected by the attorney-client privilege or work product doctrine. (Doc. 13-3, at 12.)  This Court has previously voiced its disapproval for "conditional responses" in regard to discovery responses.  (Doc. 71, at 7.)  *See* ***Westlake v. BMO Harris Bank N.A.***, 2014 WL 1012669, *3 (D. Kan. March 17, 2014) (citing ***Sprint Comm'n Co., L.P. v. Comcast Cable Comm'n, LLC***, Nos. 11–2684–JWL, 11–2685–JWL, 11–2686–JWL, 2014 WL 54544, *2, 3 (D.Kan. Feb. 11, 2014).  The Court is in agreement with the ***Sprint*** decision that found such conditional responses to be "invalid," "unsustainable," and to "violate common sense."  2014 WL 54544, *2, 3.  All such conditional responses are improper and Defendants are instructed to provide supplemental responses without such language.  As to any documents withheld on the basis of the attorney-client privilege and/or work product doctrine, the same shall be identified in a privilege log.  Defendants are directed to this Court's prior decisions of ***Helget v. City of Hays***, No. 13-2228-KHV-KGG, 2014 WL

1308890 (D. Kan. March 28, 2014) and *Kear v. Kohl's Dept. Stores, Inc.*, No. 12–1235–JAR–KGG, 2013 WL 3088922, *3 (D. Kan. June 18, 2013) for discussions as to what constitutes an adequate privilege log providing sufficient information to allow the other party assess the claimed to privilege.

11.    Copies of charges of retaliation, race discrimination, and/or sex discrimination from January 1, 2010, to the present, within the areas of responsibility of individuals identified in response to Plaintiff's Interrogatory No. 1.  (Requests for Production Nos. 62-64, Doc. 13-3, at 15.)  Defendants' response ("Objection. Relevancy.") to these Requests are merely  conclusory, unsupported boilerplate objections which the Court would have been inclined to overrule even had Defendants responded to Plaintiff's motion.  *Gheesling*, 162 F.R.D. at 650.


**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 13) is **GRANTED** as more fully set forth above.  Defendants are **ORDERED** to provide supplemental discovery responses consistent with the terms of this Order **within thirty (30) days of the date of this Order**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 5th day of September, 2014.

                    S/ KENNETH G. GALE
                    KENNETH G. GALE
                    United States Magistrate Judge