## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARGARET WEICHERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-2493-KHV-KGG |
| E-FINANCE CALL CENTER SUPPORT, | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER
## <u>GRANTING MOTION FOR SANCTIONS</u>

Before the Court is Plaintiff's motion to impose sanctions (Doc. 22) against Defendants for failure to comply with this Court's prior discovery Order (Doc. 15) on Plaintiff's underlying motion to compel (Doc. 13).  Because Defendants failed to comply with the Court's Order, and because the failure was not substantially justified, the Court finds that the imposition of sanctions is required.

Federal Rule of Civil Procedure 37(b)(2) addresses the imposition of sanctions for failure to comply with a discovery order.  Rule (37)(b)(2)(A) permits the Court to select from a menu of sanctions for failure to comply with an order compelling discovery under Rule 37(a).  Rule 37(b)(2)(C) requires the Court to impose reasonable expenses, including fees, on the "disobedient party" "unless the failure was substantially justified or other circumstances make an award of

expenses unjustified." As a result of the filing of the current motion, followed by significant efforts by the Court and counsel, the substantive discovery defects have been, or are being, resolved. The facts, however, require the Court to impose sanctions against Defendants.

On September 5, 2014, this Court granted Plaintiff's Motion to Compel (Doc. 15). That motion requested the Court order compliance with discovery requests which were overdue or for which responses were inadequate or incomplete. Notably, Defendants did not file a response to that motion. Notwithstanding that failure, the Court addressed the substance of the requests and ordered specific relief. The Court ordered compliance within 30 days, or by October 5, 2014. Defendants did not file any motions requesting additional time to comply with that Order.

Plaintiff filed the present motion on October 9, 2014, claiming that the Defendants had failed to comply with the underlying discovery Order. Plaintiff requested various sanctions, including a contempt finding, an order compelling Defendants to comply with the previous Order, extending the period allowed for follow-up discovery, precluding Defendants from filing a Summary Judgment Motion, and awarding specified fees. In response (Doc. 35), Defendants argued, irrelevantly, that the Plaintiff's case is without merit. Defendants asserted that

various information had already been provided, or was being provided, and made excuses for delays or failures to produce information.[1]  Plaintiff's reply asserted that additional discovery was provided *after* the filing of the motion for sanctions, but that other discovery remained outstanding.

As a result of this dispute and the need to complete depositions, the parties filed a joint motion to amend the Scheduling Order on October 22 (Doc. 41) , which was granted (Doc. 45) extending the discovery period approximately a month.  This resulted in the continuance of the trial date.

The Court held conferences or hearings on this matter on October 24, October 27 and November 13, 2014.  On October 27, the Court ordered counsel to meet personally to resolve additional discovery issues, and file supplemental reports, which the parties did on October 31 (Doc. 54) and November 4 (Doc. 56). In her status report, Plaintiff continues to contend that some discovery has not been provided.  In the last conference with counsel, it now appears that the remaining discovery has been, or will be, provided.

Plaintiff is not requesting additional orders compelling discovery, but does request the imposition of fees as a sanction.  As discussed in Plaintiff's motion,

---

[1]Notwithstanding Defendants' assertion that remaining issues should have been resolved by conference before the motion was filed, the Court finds that the Plaintiff has met this Court's "meet and confer" requirements under D. Kan. Rule 37.2.

Rule 37(b)(2) provides that if a party fails to obey an order to provide discovery under Rule 37(a), the Court 'may make such orders in regard to the failure as are just . . . .'  Rule 37(b)(2) sets forth possible sanctions, including orders that certain facts be taken as established or evidence excluded, that claims or defenses be unopposed or pleadings struck, that reasonable expenses caused by the recalcitrant party be paid, and that the party be held in contempt.

In determining which sanctions should be imposed, the Court must consider the purposes to be served by the imposition of sanctions.  In *White v. General Motors Corp*., 908 F.2d 675, 683 (10th Cir. 1990), *cert. denied*, 498 U.S. 1069, 111 S. Ct.788, 112 L.Ed.2d 850 (1991), the Tenth Circuit outlined those purposes as including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.  The primary goal of sanctions is to deter misconduct.

*Law v. National Collegiate Athletic Ass'n*, 167 F.R.D. 464, 478 (D. Kan. 1996).

Notwithstanding Defendants' protestations, it is clear from what has been presented to the Court that Defendants made an inadequate effort to comply with either the original requests or this Court's Order until the present motion for sanctions was filed.  Since that date, the parties have worked together, but Plaintiff has been forced to pry each response from Defendants, with and without this Court's assistance.  Defendants have faced some challenges in providing certain information in a timely manner, but have not filed an appropriate motion

4

requesting additional time.  A great deal of time and effort has been spent achieving a result which should have been accomplished even before the initial uncontested motion to compel.  Under these facts, the Court's imposition of expenses under Rule 37 is mandatory.

In her motion, Plaintiff requested an award of attorney fees in the amount of $4,800, representing the time spent on Plaintiff's motion to compel and the current motion for sanctions.  The amount or basis of this claim is not contested by Defendants. Additionally, the Court notes that Plaintiff has not updated her demand to include time spent on this matter after the filing of the present motion. Under these circumstances, the Court finds the requested amount reasonable and appropriate.

The Plaintiff's Motion (Doc. 22) is **GRANTED**.  Plaintiff is awarded judgment for attorney fees against Defendants in the amount of $4,800.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (Doc. 22) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 14th day of November, 2014.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

5