## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARGARET WEICHERT,                      )
                                        )
         **Plaintiff,**                )
                                        )          **CIVIL ACTION**
**v.**                                  )
                                        )          **No. 13-2493-KHV**
**E-FINANCE CALL CENTER SUPPORT, et al.,**  )
                                        )
         **Defendants.**               )
_____)

## MEMORANDUM AND ORDER

Margaret Weichert brings suit against E-Finance Call Center Support, LLC and Encompass Consulting Group, LLC for race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and race discrimination and retaliation in violation of 42 U.S.C. § 1981. From July 27 to 31, 2015, the Court conducted a jury trial which resulted in a verdict in favor of plaintiff on some of her claims. This matter comes before the Court on Plaintiff's Motion For Relief From Stipulation And For Entry Of Judgment, With Supporting Suggestions ("Plaintiff's Motion For Relief") (Doc. #139) filed August 10, 2015 and defendants' oral motion for mistrial on July 31, 2015 (Doc. #149) (docketed March 17, 2016). For reasons stated below, the Court overrules both motions.

**I.      Background Information**

      **A.      Plaintiff's Claims**

Plaintiff claims that in March of 2012, on account of race, PDL Support.com[1] paid her less than Jessica Jones and that as a result of that pay discrimination, she suffered damages in the amount

_____

[1]      PDL Support.com is the predecessor to E-Finance Call Center Support, LLC and Encompass Consulting Group, LLC.

of $2,253.33 in lost wages from March of 2012 through April of 2013.  Plaintiff also claims that on April 30, 2012, PDL Support.com terminated her employment on account of race and gender, and in retaliation for prior complaints of race and gender discrimination.  Plaintiff claims that as a result of wrongful termination, she suffered damages in the amount of $39,590.41 in back pay from May 1, 2012 through April 30, 2013, and $7,353.32 in lost benefits, i.e. a total of $46,943.73.  Plaintiff also seeks punitive damages and actual damages for emotional distress.

### B.      Jury Verdict

After a five-day trial, the jury rendered a verdict on some of plaintiff's claims.  Specifically, the jury found for plaintiff on her claims of pay discrimination on account of race and retaliatory discharge on account of prior complaints of race and gender discrimination.  See Verdict (Doc. #136) filed July 31, 2015.  The jury found in favor of defendants on plaintiff's claims of discriminatory discharge on account of race and gender.  See id.

On plaintiff's pay discrimination claim, the jury awarded damages of $2,253.33 for lost wages and $5,000.00 for emotional distress.  See id.  In addition, the jury awarded punitive damages in the amount of $10,000.00.

For retaliatory discharge based on complaints of race discrimination, the jury awarded $46,943.73 in back pay and lost benefits, $43,000.00 for emotional distress and $96,000.00 in punitive damages.

For retaliatory discharge based on complaints of gender discrimination, the jury awarded $46,943.73 for back pay and lost benefits, $43,000.00 for emotional distress, and $96,000.00 in punitive damages.

### C.    Plaintiff's Stipulation And Other Discussions After Jury Verdict

Prior to announcing the jury verdict, the Court reviewed it and noticed that the jury had awarded the exact same damages on each retaliation claim.  This was potentially problematical because the same evidence supported each claim of retaliation and plaintiff had not presented evidence which would support two back pay/lost benefit awards of $46,943.73.  The Court therefore asked the jury foreperson whether the jury intended for plaintiff to recover separate amounts on each claim.[2]  See Partial Transcript Of Jury Trial Verdict Excerpt ("Partial Transcript") (Doc. #131) filed August 3, 2015 at 3:12-17.  The foreperson (Juror No. 100605963) responded in the affirmative.  Id. at 3:16-18.[3]  After the courtroom deputy read the verdict in open court, the Court asked counsel for a sidebar conference.  See id. at 3-7.  At sidebar, the Court noted that on the retaliation claims, the jury had awarded double damages for back pay and lost benefits in the exact same amount and that it could not tell whether the jury had done the same thing for emotional distress damages.  Id. at 7:18-22.  The Court proposed to return the verdict and instruct the jury to continue deliberations

---

[2]    The Tenth Circuit has approved the practice of questioning a foreperson regarding the jury's intent to aggregate damages.  See, e.g., RTC v. Stone, 998 F.2d 1534, 1547-48 (10th Cir. 1993) (okay to question foreman regarding jury's intent to aggregate damages; practice promotes judicial economy and may avoid need for new trial).

[3]    Specifically, the following exchange took place:

THE COURT: *** Okay. I have a question for the jury.  On the retaliation claims, you have awarded the exact same amount of damages on each retaliation claim.  Is your intent that plaintiff would recover those amounts?
JUROR 100605963: Yes.
THE COURT: Separate amounts for each?
JUROR 100605963: Yes.

Partial Transcript (Doc. #131) at 3:10-18.

with further instructions regarding double recovery.[4]   See id. at 7:18-8:5.   Plaintiff's counsel

disagreed, and proposed to stipulate that the verdict on the retaliation claims should be construed

as awarding one recovery.   Specifically, counsel stated as follows:

> Your Honor, given that they're identical on the wrongful discharge claim, maybe I
> should be more aggressive on this, but I believe there's one recovery.   It was the
> same discharge.   I don't believe that the back pay or the emotional distress or the
> punitive damages would be subject to double recovery.

Id. at 8:6-12.

> The Court clarified plaintiff's intent as follows:

> THE COURT: So do you stipulate that the total amount –
> MR. SCHUMAKER: Yes.
> THE COURT: And this would be consistent with your position on the instructions
> from the beginning that the retaliation claim was only one claim.   So you would
> stipulate that the total recovery for retaliation under both theories would be
> $46,943.73 . . . for back pay and lost benefits and $43,000 for emotional distress and
> $96,000 for punitives?
> MR. SCHUMAKER: It pains me to say yes.
> THE COURT: Okay.
> MR. SCHUMAKER: I mean, I think there's one recovery.   Clearly there's only one
> back pay award.

Id. at 8:13-9:3.   Defendants agreed that the jury intended to award one recovery for the retaliation

claims.   See id. at 9:5-10.   The Court responded that it could not tell what the jury intended but that

---

[4]        Specifically, the Court stated as follows:

So what they've done is award – they've awarded double damages for back pay and
lost benefits in the exact same amount, and I can't tell if they've done the same thing
for emotional distress on the retaliation claims.   But I think I need to send this verdict
back to them with instructions to continue their deliberations.   And I would propose
to say something to the effect of, you know, you've rendered a verdict for plaintiff
on the retaliation claims finding two theories of recovery for her but plaintiff is only
recovered – allowed to recover once for the damages which she has sustained and
you need to clarify your intent with regard to your damages on the verdict.

Id. at 7:18-8:5.

based on plaintiff's stipulation, it would tell the jury that it would enter the judgment as one recovery

on the retaliation claims.  Id. at 9:11-13.

Following that sidebar, the foreperson asked to speak in open court.  The following

discussion occurred:

> JUROR 100605963: I just wanted to make sure that on the loss of pay, which is
> 46,943.73 or something like that, that was only intended to be awarded once not
> twice.
> THE COURT: Okay. Well --
> JUROR 100605963: When you asked me the previous question, I assume you meant
> punitive.  I cut you off, I apologize.
> THE COURT: No, that's okay.  And actually the parties had stipulated that for – as
> damages for retaliation, it was basically one set of damages.  And so I'm receiving
> your verdict but we are not going to enter double damages no matter what your intent
> was because that's not what the parties understood the claim to be and there really
> is only one retaliation that occurred and one set of damages that flows from it.  So
> there was evidence of possibly being on race or possibly being on gender, but it's
> actually just one cause of action.  And so she will not recover double damages either
> for punitives or for emotional distress.
> JUROR 100605963: Okay.
> THE COURT: Okay. So thank you very much for clarifying that.

Id. at 10:22-11:15.

Before discharging the jury, the Court began to give final instructions.  Id. at 11:16-12:12.

Plaintiff's counsel, however, requested another sidebar.  Id. at 12:13-14.  At sidebar, counsel stated

that based on the foreperson's recent comments, it appeared that the jury may have intended to award

two recoveries of $96,000.00 for punitive damages on the retaliation claims.[5]  Id. at 12:19-13:13.

The Court agreed that the foreperson had so indicated.  Id. at 13:14.  Counsel asked the Court to

clarify the record regarding the jury's intent so that the parties could address the issue in post trial

motions.  Id. at 13:7-9.  The Court pointed out that plaintiff had just stipulated that she was entitled

---

[5]      Counsel stated that clearly there could be only one award for back pay and that he
was unsure of the legal analysis on emotional distress.  Id. at 12:24:13:2.

to a unitary judgment on both retaliation claims and that the Court had so instructed the jury. Id. at 14:2-3, 14:23-24. Counsel stated that perhaps his stipulation was premature because it was based on an inaccurate assumption that the jury viewed the retaliation claims as one claim and therefore awarded identical damages on both. Id. at 14:4-7, 14:25-15:5. Counsel requested that the Court ask the jury to clarify – either in open court or in a special verdict – whether it intended to award separate punitive damages on the retaliation claims.[6] Id. at 14:14-17, 15:8-11. Defense counsel objected that it would be improper to conduct a voir dire in open court. Id. at 15:19-21. The Court and counsel for both sides discussed the facts that plaintiff had not disagreed with separate jury instructions on the two retaliation claims, see id. at 16:12-14; that the Court had posed separate verdict questions on the retaliation claims to determine whether any verdict was based on complaints of race and/or gender discrimination,[7] see id. at 16:21-23; and the fact that the Court had posed two verdict questions did not change the nature of the adverse employment action – which was a singular event, see id. at 17:8-10. The Court stated that if it entered judgment in favor of plaintiff, it would be consistent with counsel's stipulation that the jury had awarded unitary damages on the retaliation claims. See id. at 18:5-8.

The sidebar ended, and the Court resumed its closing remarks to the jury. At that point, another juror (Juror No. 10060443) asked to speak, as follows:

---

[6]     Counsel stated that for back pay and emotional distress, he did not believe that the jury could award separate damages for the separate claims. Id. at 16:2-4.

[7]     With regard to the retaliation claims, defendants disputed whether plaintiff had complained about race or gender discrimination. Under Section 1981, Title VII caps on damages potentially would not apply to retaliation based on complaints of race discrimination. See, e.g., Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1284-85 (11th Cir. 2008); Walker v. Abbott Labs, 340 F.3d 471, 474 (7th Cir. 2003). Therefore, it was important to distinguish whether any verdict was based on complaints of race discrimination and/or complaints of gender discrimination.

> Your Honor, I would just like to say for the record that the punitive damages and the emotional damages, we came to a total damage for all, you know, and we divided that by two on the two counts where we found retaliation.  And I do not feel that the way this is being discussed is a reflection of the jury's decision.  The form certainly, as I understood it, or as I believe the jury understood it, was not that there would be one – you put down one damage and it would apply for everything. So I do not feel that reflects what happened in the jury room or our decision or certainly my decision. And I certainly was not polled in this room – in the courtroom what my decision was. So I feel, in the interest of justice, I have to tell you what I believe to be true.

Id. at 18:17-19:7.

The Court responded that it had not yet polled the jury and that under the circumstances, it would give the jury a clean verdict form to fill out.  Id. at 19:8-11.  Defendants objected on grounds that juror comments and suggestions by the Court regarding plaintiff's stipulation had tainted the process.  Id. at 19:16-22.  The Court responded that the purpose of the new verdict form would be to give the jury a chance to make absolutely clear its intent with regard to damages on the retaliation claims.  Id. at 19:24-20:2.  The Court pointed out that it would later decide what to do with the information.  Id. at 20:2-4.  Counsel then approached for another sidebar discussion.  Defense counsel moved for a mistrial on grounds that under the circumstances, it would be improper for the Court to submit a new verdict to jury.  Id. at 20:16-23:18, 26:1-19,28:11-29:4.  Over defendants' objection, the Court submitted a special verdict form which asked the jury to determine one set of damages for both retaliation claims.

### D.     Special Verdict

On the special verdict, the jury awarded the following damages for retaliatory discharge based on complaints of race and/or gender: $46,943.73 for back pay and lost benefits; $86,000.00

for emotional distress;[8] and $192,000.00 for punitive damages.[9]  See Special Verdict (Doc. #137).

The Court then polled and released the jury.  See Partial Transcript at 32:20-34:7.  After further

discussions with counsel, the Court ordered the parties to file written submission regarding plaintiff's

motion for relief from her stipulation regarding the initial jury verdict and defendants' motion for

mistrial.  See Order (Doc. #5) filed August 5, 2015.[10]

## II.      Legal Standards

### A.      Relief From Stipulation

A stipulation constitutes an admission which "cannot be disregarded or set aside at will."

Wheeler v. John Deere Co., 935 F.2d 1090, 1097 (10th Cir.1991) (quoting Lyles v. Am. Hoist &

Derrick Co., 614 F.2d 691, 694 (10th Cir.1980)).  Stipulations, however, are not absolute; if

necessary, the Court may allow a party to withdraw a stipulation to prevent manifest injustice.  See

Wheeler, 935 F.2d at 1098.  The Court has broad discretion to determine whether to hold a party to

a stipulation or whether justice requires that it be set aside.  See id., 935 F.2d at 1098.

### B.      Mistrial

Whether to grant a mistrial is committed to the discretion of the trial court.  See Roberts v.

Roadway Exp., Inc., 149 F.3d 1098, 1106 (10th Cir. 1998) (citing Polson v. Davis, 895 F.2d 705,

711 (10th Cir. 1990)).  A mistrial is a drastic remedy which a court should grant only when error is

---

[8]      On the blank for emotional distress, two numbers ($91,250.00 and $86,250.00) were crossed out and the foreperson initialed the number $86,000.00.  See Special Verdict (Doc. #137); Partial Transcript at 30:23-31:5.

[9]      On the blank for punitive damages, one number ($96,000.00) was crossed out and the foreperson initialed the number $192,000.00.  See Special Verdict (Doc. #137).

[10]      The Court also ordered the parties to file written submissions regarding defendants' motions for judgment as a matter of law, which the Court decides by separate order.

so prejudicial that justice could not be served by continuing in the trial and no other method exists by which to remove the prejudice.  See Waitek v. Dalkon Shield Claimants Trust, 934 F. Supp. 1068, 1098 (N.D. Iowa 1996) (quoting Underwood v. Colonial Penn Ins. Co., 888 F.2d 588, 590 (8th Cir. 1989)), aff'd, 114 F.3d 117 (8th Cir.1997).  In determining whether a mistrial is warranted, the Court should consider all relevant facts and circumstances surrounding the motion.  See Koch v. Koch Ind., Inc., No. 85-1636-SAC, 1998 WL 975598, at *2 (D. Kan. May 6, 1998).  The Court should include a careful analysis of the degree and nature of the alleged prejudice in context of the entire trial – as discounted by the likely efficacy of less drastic remedial measures.  See id.  Whether the conduct that ostensibly precipitates a motion for mistrial was a knowing or wilful violation of applicable evidentiary or procedural rules or a prior court order, or was done for improper motive, are also relevant.  See id.

**III.    Analysis**

Plaintiff asks the Court to set aside her stipulation, i.e. her agreement that the Court should construe the initial jury verdict as awarding unitary damages on the retaliation claims, i.e. $46,943.73 for back pay and lost benefits, $43,000.00 for emotional distress and $96,000.00 in punitive damages.  Plaintiff asks the Court to instead enter judgment based on amounts awarded in the special verdict, i.e. $46,943.73 for back pay and lost benefits, $86,000.00 for emotional distress and $192,000.00 for punitive damages.  Defendant asserts that the Court should declare a mistrial because (1) the jury did not follow the Court's instructions on the initial verdict; and (2) events which unfolded in the courtroom, i.e. Court comments to the jury and unsolicited juror remarks, tainted the special verdict.

### A.    Plaintiff's Motion For Relief From Stipulation

As noted, the initial verdict awarded plaintiff identical damages for retaliatory discharge based on complaints of race discrimination and retaliatory discharge based on complaints of gender discrimination.  Upon learning of the verdict, plaintiff stipulated that the Court should construe the verdict as awarding as single recovery for both claims, i.e. $46,943.73 for back pay and lost benefits, $43,000.00 for emotional distress and $96,000.00 in punitive damages.  Plaintiff asks the Court to set aside that stipulation.  In support of her request, plaintiff asserts that (1) she is not seeking double recovery; and (2) the Seventh Amendment requires the Court seek to clarification and reconcile the jury findings.  See Plaintiff's Motion For Relief (Doc. #139) at 2-8.  Plaintiff asserts that she entered into the stipulation because counsel did not immediately recognize any ambiguity in the initial verdict and that in light of the clarification in the special verdict, it would be manifestly unjust for the Court to hold plaintiff to her stipulation regarding the initial verdict.  See id. at 8-9.

As an initial matter, the Court cannot credit the claim that plaintiff's counsel did not recognize a potential ambiguity in the initial verdict.  Immediately before counsel proposed to stipulate, the Court explained the ambiguity as follows:

> So what they've done is award – they've awarded double damages for back pay and lost benefits in the exact same amount, and I can't tell if they've done the same thing for emotional distress on the retaliation claims.  But I think I need to send this verdict back to them with instructions to continue their deliberations.  And I would propose to say something to the effect of, you know, you've rendered a verdict for plaintiff on the retaliation claims finding two theories of recovery for her but plaintiff is only recovered – allowed to recover once for the damages which she has sustained and you need to clarify your intent with regard to your damages on the verdict.

Partial Transcript at 7:18-8:5.

In response to that statement, counsel stated that given the fact that the jury had awarded identical amounts on both claims, plaintiff would stipulate that the jury verdict awarded one recovery

on both claims.  Id. at 8:6-15.  More specifically, counsel stated that "maybe I should be more aggressive on this, but I believe there's one recovery."  Partial Transcript at 8:7-8.  In explaining his reasoning, counsel correctly stated as follows:  "It was the same discharge.  I don't believe that the back pay or emotional distress or the punitive damages would be subject to double recovery."  And when the Court asked counsel to confirm the stipulation, he stated that "[i]t pains me to say yes."  Clearly, counsel made a strategic decision to accept the initial verdict as unitary damages on the retaliation claims.  His remark that "maybe I should be more aggressive" and his report that "it pains me to say yes" clearly indicate that he had considered the possibility that the jury had intended to award double damages on some or all of the retaliation claims.[11]

Indeed, under the circumstances, counsel's decision to stipulate was an extremely reasonable trial decision.  Regardless of the reason behind it, the termination of plaintiff's employment constituted one act for which plaintiff could recover only once for lost wages, lost benefits and emotional distress.[12]  See, e.g., Medina v. D.C., 643 F.3d 323, 327 (10th Cir. 2011); Black v. Pan Am. Labs., LLC, 646 F.3d 254, 261 (5th Cir. 2011).  The evidence showed that plaintiff lost $46,943.73 in wages and lost benefits, i.e. the exact amount that the jury awarded twice on the retaliation claims.  Clearly, plaintiff could only recover that amount once.  See Medina, 643 F.3d at 327; Black, 646 F.3d at 261.  For emotional distress, the jury also twice awarded the same amount

_____

[11]     It bears noting that immediately after the first sidebar, plaintiff's counsel returned to counsel table and conferred with plaintiff, who appeared to be distressed by the stipulation.

[12]     As to whether plaintiff could recover separate amounts for punitive damages, the law is less clear.  See, e.g., Mason v. Okla. Turnpike Auth., 115 F.3d 1442, 1459 (10th Cir. 1997) (in some cases, multiple punitive damage awards on overlapping theories of recovery may not be duplicative but may instead represent jury's proper effort to punish and deter all improper conduct underlying verdict), overruled on other grounds, TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495 (10th Cir. 2011).

($43,000.00) on both claims.  Under the circumstances, the only way to read the verdict consistently without awarding double damages was to construe the damage awards singularly, i.e. as compensating the same amounts for the same injury.[13]  In deciding to stipulate, counsel made a strategic trial decision to avoid a need for the Court to attempt to reconcile the verdict and/or send the matter back for further jury deliberation, and any uncertainties that those actions might bring.

After the fact, plaintiff learned that the jury had intended to award double amounts for emotional distress and punitive damages.  In light of this new information, plaintiff seeks to undo her stipulation.  Specifically, plaintiff asserts that because the Court has a duty to ascertain the jury intent and to clarify ambiguous jury findings, it would be manifestly unjust to enforce her stipulation. See Plaintiff's Motion For Relief (Doc. #139) at 2-9.  Plaintiff is mistaken.  The Court agrees that it generally has a duty to ascertain jury intent and to clarify ambiguous jury findings.  See id. at 3-8 (and cases cited therein).  That duty, however, does not require the Court to set aside plaintiff's stipulation.  By deciding to stipulate on the amount of damages to which plaintiff was entitled under the initial verdict, plaintiff agreed to take the matter out of the jury's hands.  See Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 985-86 (5th Cir. 1989) (plaintiff who stipulates to amount of damages waives right to jury verdict regarding amount), overruled on other grounds by Gasperini v. Ctr. for Humanities, 518 U.S. 415, 419 (1996); Sabotka v. Sauter, 7 F.3d 225 (Table), 1993 WL 361926, at

---

[13]     Faced with such an ambiguity, the Court had a duty to find a way to harmonize the verdict or resubmit the matter for further jury deliberation.  See, e.g., Harvey v. Gen. Motors Corp., 873 F.2d 1343, 1347-48 (10th Cir. 1989) (court must attempt to reconcile rather than look for inconsistency in verdict when question arises); Palmer v. City of Monticello, 31 F.3d 1499, 1505 (10th Cir. 1994) (if any view of case exists which makes jury answers consistent, case must be resolved that way).  If the Court could not harmonize the findings, plaintiff would be faced with the possibility of a new trial.  See Auwood v. Harry Brandt Booking Office, Inc., 850 F.2d 884, 891 (2d Cir. 1988) (if inconsistency noted before jury dismissed, court has discretion to resubmit; otherwise, court has duty to harmonize and if not able to harmonize, court must order new trial).

*1 (4th Cir. Sept. 17, 1993) (trial court properly amended verdict to reflect stipulated amount of damages because issue was not properly within jury's province). As such, the Court is free to ignore the jury's findings and enforce the stipulation. See Jones, 870 F.2d at 986 (once plaintiff stipulates to amount of damages jury has no control over issue and court is free to ignore jury findings and enforce stipulation).

On this record, plaintiff presents no facts or circumstances which suggest that it would be manifestly unjust to enforce her stipulation. As discussed, counsel made a strategic trial decision to stipulate as to damages and avoid uncertainties involved in resubmitting the issue of double recovery to the jury. Following the agreement, the Court informed the jury about the stipulation and stated that it would accept the verdict as awarding one set of damages on the retaliation claims. Partial Transcript (Doc. #131) at 11:1-12. The Court's statements sparked an unsolicited juror comment about how the jury determined damages and its intent in that regard. See id. at 18:17-19:7. The Court has no way to know whether its statements to the jury and/or the unsolicited juror comments may have influenced the jury deliberations regarding the special verdict. Moreover, one cannot reconcile the initial verdict and the special verdict without concluding that the jury was either mistaken, confused and/or changed its decision in the time between the two verdicts.[14] By holding

---

[14]    As noted, on the special verdict for combined damages on the retaliation claims, the jury awarded $46,943.73 for lost wages and benefits and $86,000.00 for emotional distress. On the initial verdict for separate damages on the retaliation claims, the jury awarded the same amount ($46,943.73) for lost wages and benefits and half the amount ($43,000.00) for emotional distress. To award full damages for lost wages and benefits on each claim but only half damages for emotional distress on each claim would be illogical and contrary to the Court's instruction. See Jury Instruction No. 18 (Doc. #132) filed July 31, 2015 (if you award damages, your award must be fair compensation – no more and no less). At this point, it is impossible to know the jury's rationale, i.e. whether it halved damages for emotional distress on the first verdict or doubled them on the special verdict. Perhaps it was confused or chose to not follow the Court's instruction. Or perhaps

(continued...)

13

plaintiff to her stipulation, the Court avoids the need to resolve these issues and/or possibly order a new trial.  In addition, plaintiff's stipulation is consistent with the Court's duty to protect defendants' rights under the Seventh Amendment.  See, e.g., ClearOne Comms., Inc. v. Biamp Sys., 653 F.3d 1163, 1178-82 (10th Cir. 2011) (if jury verdict susceptible of two interpretations, court must enter judgment in lower amount to avoid infringing defendant's Seventh Amendment right to jury trial; court cannot enter judgment in amount higher than what jury may have intended).  Under the circumstances, the Court finds no injustice in enforcing the stipulation.  See, e.g., Wheeler, 935 F.2d at 1099; Pyles v. Boeing Co., 187 F. Supp.2d 1311, 1316-17 (enforcing stipulation where plaintiff presented no facts or circumstances suggesting that enforcement would be unjust).  Accordingly, the Court overrules plaintiff's motion for relief from the stipulation.

### B.        Defendants' Motion For Mistrial

Defendants urge the Court to declare a mistrial because (1) in the initial verdict, the jury failed to follow the Court's instructions; and (2) events which unfolded in the courtroom following plaintiff's stipulation, i.e. court comments to the jury and unsolicited juror remarks, tainted the special verdict.  Because the Court enforces plaintiff's agreement to accept unitary damages under the initial verdict, it need not decide whether proceedings in the courtroom tainted the special verdict.        Defendants assert that the Court must order a mistrial because the jury failed to follow its instructions.  Specifically, defendants assert that in the initial verdict, the jury awarded double damages on the retaliation claims which was contrary to the Court's instruction to award "fair compensation – no more and no less."  Jury Instruction No. 18 (Doc. #132) filed July 31, 2015;

---

[14](...continued)
it mistakenly believed that plaintiff could recover double damages for emotional distress.

see Defendants' Written Submissions In Support Of Defendants' Motion For A Mistrial (Doc. #140) filed August 10, 2015 at 2-3.  For reasons discussed, the Court finds that the initial verdict is susceptible of two readings and that it has a duty to construe it consistently with plaintiff's stipulation, i.e. that plaintiff was entitled to unitary damages on her retaliation claims.  See, e.g., Harvey, 873 F.2d at 1347-48 (court must attempt to reconcile rather than look for inconsistency in verdict when question arises); Palmer, 31 F.3d at 1505 (if any view of case exists which makes jury answers consistent, case must be resolved that way).  The Court further finds that as a result of its decision to enforce the stipulation, defendants have suffered no demonstrable prejudice.[15] Accordingly, the Court overrules defendants' motion for mistrial.

**IT THEREFORE ORDERED** that Plaintiff's Motion For Relief From Stipulation And For Entry Of Judgment, With Supporting Suggestions (Doc. #139) filed August 10, 2015 be and hereby is **OVERRULED**.

**IT FURTHER ORDERED** that defendants' oral motion for mistrial on July 31, 2015 (Doc. #149) (docketed March 17, 2016) be and hereby is **OVERRULED**.

**IT FURTHER ORDERED** that the Clerk shall enter judgment consistent with plaintiff's stipulation regarding the jury Verdict (Doc. #136) filed July 31, 2015.

Dated this 30th day of March, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[15]     The Court notes that defendants agreed with plaintiff's stipulation and did not object to it.  See Partial Transcript (Doc. #131) at 8:6-9:10 (defense counsel agreed that jury intended unitary award for retaliation claims).