# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARGARET WEICHERT, )
)
        Plaintiff, )
) Case No. 13-2493-KHV-KGG
E-FINANCE CALL CENTER SUPPORT, )
LLC, *et al.*, )
)
        Defendants. )
_____ )

## MEMORANDUM AND ORDER
## DENYING MOTION FOR SANCTIONS

Before the Court is Plaintiff's "Motion for an Order Holding Defendants in Contempt for Non-Compliance with the Court's Order of November 28, 2016 and Granting Appropriate Sanctions." (Doc. 172.) Having reviewed the submissions of the parties, the Court **DENIES without prejudice** Plaintiff's motion.

## BACKGROUND

Judgment was entered by the Court in August, 2015 in favor of Plaintiff following a trial on the matter in July, 2015. (Doc. 155). Defendants have since filed a Motion for a New Trial, or in the Alternative, Motion to Amend the Judgment and Remittitur of the Punitive Damage Award. (Doc. 159.) That motion was recently denied by the District Court. (Doc. 176.)

The Order in question (Doc. 170) resulted from Plaintiff's Motion to

Compel (Doc. 166) responses to discovery requests in aid of execution.[1] In opposing that motion, Defendants argued that because their post-trial motion remained pending at the time, the discovery is premature and that "judicial economy is not served by conducting discovery in aid of execution of a judgment before that judgment becomes final." (Doc. 168, at 1.) Defendants also "move[d] this court for a stay of discovery and execution" pending the District Court's ruling on the pending motion. (*Id.*, at 2.)

Citing subsection (b) of Fed.R.Civ.P. 62, which states that a court may stay the execution of a judgment or any proceedings to enforce it when a motion for a new trial or to amend a judgment is pending, this Court granted Plaintiff's underlying motion to compel. (Doc. 170, at 2.) The Court's opinion was based on the fact that Defendants failed to offer a proposal to provide for "appropriate security," as required by the Rule. (*Id.*)

## DISCUSSION

Plaintiff brings the present motion, arguing that Defendants' responses to the discovery in aid of execution were insufficient. (Doc. 172.) More specifically, Plaintiff contends that "[D]efendants refused to answer many of the interrogatories

---

[1] That motion had been filed by Plaintiff while Defendants' Motion for a New Trial was pending before the District Court.

and refused to produce any of the requested documents with the exception of" a single Asset Purchase Agreement. (*Id.*, at 2.) Plaintiff argues that the information is necessary so that she may "proceed with identifying assets that may satisfy the judgment herein; a simple recitation that [D]efendants have no assets does not satisfy this inquiry." (*Id.*) Plaintiff continues that "[t]he requested discovery will shed light on whether [D]efendants have divested or hidden assets." (*Id.*)

Defendants respond that the motion is "premature" because Plaintiff failed to confer "as is required by D. Kan. Rule 37.1." (Doc. 174, at 1.) The Court surmises that Defendants meant to cite D. Kan. Rule 37.2, which states that a court "**will not entertain any motion** to resolve a discovery dispute . . . unless the attorney for the moving party has conferred or made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." (Emphasis added.) In her reply memorandum, Plaintiff does not controvert Defendants' assertion regarding her failure to comply with this local rule.

Defendants' response offers to provide additional information if given the opportunity to speak to Plaintiff's counsel regarding certain concerns. (Doc. 174, at 2.) Because Plaintiff did not confer as required by D. Kan. Rule 37.1, the Court **DENIES** the present motion, **without prejudice**, and instructs the parties to

engage in a substantive and meaningful attempt to resolve the issues contained in the pending motion.

"Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere." ***Banks v. St. Francis Health Ctr., Inc.***, 2015 WL 7451174, *2 (D. Kan. Nov. 23, 2015) (citation omitted). A "[r]easonable effort to confer requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." ***Blair v. Transam Trucking***, 09-2443-EFM-KGG, 2016 WL 7117182, at *6 (D. Kan. Dec. 7, 2016) (citation omitted).

> The conference mandate of 'reasonable efforts to confer' requires 'more than mailing or faxing a letter to the opposing party.' D. Kan. Rule. 37.2. It follows, then, that the rule also requires more than exchanging e-mail. Rather, the parties must 'in good faith converse, confer, compare views, and consult and deliberate or in good faith attempt to do so.' '[The parties] must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovery party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.'

***Heglet v. City of Hays, Kan.***, 2014 WL 2865996, at *2 (D. Kan. June 24, 2014) (internal citations omitted).

4

Given the prior Orders in this case, the Court sympathizes with Plaintiff's concern that Defendants response to this motion is merely a further attempt at obstruction.[2] The Court surmises that the procedural history of this case may have been a large reason why Plaintiff's counsel chose not to confer with defense counsel prior to filing the present motion. That stated, the requirements of the motion are unambiguous.

The Court orders the parties to make a legitimate effort to resolve the issues contained in Plaintiff's motion **within 30 days of the date of this Order**. The Court is not inferring that Defendants should abandon what they believe to be legitimate objections. Should Plaintiff deem it necessary to file a subsequent motion to compel regarding these issues, however, the Court will carefully examine whether Defendants' attempts at conferring were, in fact, made in good faith.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 172) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

---

[2] For instance, the Court previously awarded sanctions in this case in favor of Plaintiff against Defendants for their not substantially justified failure to comply with a prior Order of this Court compelling discovery. (*See* Doc. 62.)

Dated at Wichita, Kansas, on this 14th day of April, 2017.

                                            S/ KENNETH G. GALE
                                            KENNETH G. GALE
                                            United States Magistrate Judge